## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DERRICK MARTIN, # R-49274,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-416-JPG** |
| | ) | |
| **MR. HUDSON, MR. HASS,** | ) | |
| **ANGELA GROTT, LORI OAKLEY,** | ) | |
| **RICHARD HARRINGTON,** | ) | |
| **and LORI BRENNER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is serving two fifteen-year sentences and a ten-year sentence for separate aggravated criminal sexual assault convictions.  In this action, Plaintiff claims that his personally-created artwork was improperly confiscated, and that his grievances over this taking were mishandled.

More specifically, Plaintiff claims that on February 13, 2013, Defendant Hass and other officers shook down his cell.  They came across four oil paintings and an acrylic poster painting created by Plaintiff, and confiscated them for review by Internal Affairs ("IA").  Plaintiff believes that the artwork was removed from his cell because of "the type of art done on the pieces of [his] political views and sexual orientational taste between husband [Plaintiff] and [his] wife" (Doc. 1, p. 5).

Plaintiff was never issued a disciplinary ticket for having the paintings, nor was he given a "shakedown slip" (property receipt) after they were taken.  Defendant Hass told him he should

be glad he did not get a ticket, and that IA wanted to look at his artwork to make sure it was not in violation of prison policy.  *Id*.

Plaintiff filed grievances, first to Defendant Grott (counselor), and then to Defendants Hudson (of Internal Affairs), Oakley (grievance officer), and Brenner (personal property officer) (Doc. 1, p. 4). Only Defendant Grott responded, stating simply: "Art Work Not Allowed" (Doc. 1, p. 5).  Plaintiff contends that Defendant Grott intercepted his letters to Defendants Hudson, Oakley, and Brenner.  After waiting more than 30 days with no further response to his grievances, Plaintiff wrote to Defendant Harrington (warden) on March 18, 2013 (Doc. 1, p. 4). Defendant Harrington did not respond.

The paintings have not been returned to Plaintiff, nor has he had any hearing as a result of his grievances.  He argues that the prison regulations do not include any guidelines regarding what type of artwork is allowed or prohibited, and that he has the right to "freedom of speech and expression through creative writing and artwork" (Doc. 1, p. 5).

Plaintiff requests an order returning his artwork to him, as well as compensation for any damage to the paintings and for confiscated art supplies (Doc. 1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable First Amendment claim against Defendants Hass, Hudson, and Grott, for confiscating and/or refusing to return his artwork **(Count 1)**.  However, the taking of the paintings and art supplies, analyzed as a personal property claim **(Count 2)**, is not cognizable in a civil rights

action.  Further, the failure to respond to grievances **(Count 3)** does not amount to a constitutional claim upon which relief may be granted.

## Count 1

Prisoners retain some First Amendment rights, but restrictions on an inmate's freedom of speech and expression are valid if they are reasonably related to legitimate penological interests. *Turney v. Safley*, 482 U.S. 78, 89 (1987); *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004).  At this early stage of the litigation, the Court is unable to discern whether Plaintiff's paintings were confiscated pursuant to a reasonable prison policy or whether this taking violated the First Amendment.  Therefore, the claim in **Count 1** shall receive further review against Defendant Hass, who removed the artwork from Plaintiff's cell, and Defendants Hudson and Grott,[1] who (according to Plaintiff) determined that the artwork would not be returned to him.

In addition, because Plaintiff is seeking injunctive relief, Defendant Warden Harrington shall remain in the action.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

## Dismissal of Count 2

The taking of the paintings and art supplies also represents a deprivation of personal property distinct from any First Amendment claim.  Under the Fourteenth Amendment, an inmate has the right to be free from deprivations of his property by state actors *without due process of law*.  However, it is well established that if the state provides an adequate remedy for a property deprivation, Plaintiff has no civil rights due process claim.  *Hudson v. Palmer*, 468

---

[1]  As noted in the discussion below of Count 3, if Defendant Grott's role was simply to respond to Plaintiff's grievance and relay the decision of another official regarding Plaintiff's confiscated paintings, then she would not be personally liable for any constitutional violation.  However, giving liberal construction to Plaintiff's complaint, she may have taken part in the decision that his artwork was not allowed.  Therefore, the claim against her in Count 1 may proceed at this time.

U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  In Illinois, an action for damages in the Illinois Court of Claims provides such a post-deprivation remedy.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995).  Thus, Plaintiff's recourse to recover the value of his property lies in state court rather than in this action.  Count 2 shall be dismissed without prejudice.

## Dismissal of Count 3

Plaintiff seeks to hold Defendants Oakley, Brenner, and Harrington liable for their failure to respond to his grievances filed after his paintings were confiscated.  Aside from the question of whether Defendants Oakley or Brenner ever received Plaintiff's communications (which he claims were intercepted by Defendant Grott), the complaint does not indicate that any of these three Defendants had any part in the decision to confiscate the artwork or to retain it under the control of Internal Affairs.  Liability may only attach to a prison official who was personally involved in the deprivation of an inmate's constitutional rights.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).  A defendant's role in responding to prisoner grievances does not constitute "personal involvement" in the constitutional deprivation that gave rise to the grievance.  Further, mishandling of a grievance, or failure to respond to a complaint, does not give rise to a constitutional claim.  *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Count 3 shall therefore be dismissed with prejudice.

In addition, Defendant Harrington cannot be held liable for unconstitutional conduct of his subordinate employees, merely because he is their supervisor.  The doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville,* 266 F.3d at 740.  As noted above,

Defendant Harrington remains in the action at this stage only for the purpose of implementing any injunctive relief to which Plaintiff may be entitled if he should prevail.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to United States Magistrate Judge Frazier for further consideration.   The motion for service at government expense (Doc. 3) shall be **GRANTED IN PART AND DENIED IN PART**.  Service shall be ordered below for those Defendants remaining in the action; no service shall be made on the dismissed Defendants.

**Disposition**

**COUNT 2** is **DISMISSED** without prejudice for failure to state a constitutional claim upon which relief may be granted.  **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendants **OAKLEY** and **BRENNER** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **HUDSON, HASS, GROTT,** and **HARRINGTON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 30, 2013**

s/J. Phil Gilbert
**United States District Judge**